IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TADARRIAN JOHNSON, | ) | |
| ID # 1936248, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-671-L (BH) |
| | ) | |
| BRYAN COLLIER, Executive Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | ) | |
| Respondent, | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 received on March 8, 2017, should be **DENIED** with prejudice.

## I.  BACKGROUND

Tadarrian Johnson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a § 2254 petition for writ of habeas corpus challenging his conviction for aggravated assault of a public servant.  The respondent is Bryan Collier, Executive Director of the Texas Department of Criminal Justice (Respondent).

### A.    State Court Proceedings

Petitioner was indicted for aggravated assault of a public servant in Cause No. F13-59106 in the 204th Judicial District Court of Dallas County, Texas.  (*See* doc. 15-3 at 6.)[1]  The State alleged two prior convictions for enhancement.  The indictment alleged that he caused bodily injury to a police officer, a public servant, by forcing him to and against the ground and dragging him with a

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

motor vehicle, and that the motor vehicle was a deadly weapon. (*See id.*) He pleaded guilty without an agreed punishment recommendation, the State agreed to dismiss the enhancement allegations, and he was sentenced to 10 years' imprisonment on June 4, 2014. (*See* docs. 15-3 at 41, 15-6 at 6.) The judgment was affirmed on appeal. *See Johnson v. State*, No. 05-14-00792-CR, 2015 WL 4600472 (Tex. App. – Dallas July 31, 2015).[2] The Texas Court of Criminal Appeals refused his petition for discretionary review. *See Johnson v. State*, PD-1084-15 (Tex. Crim. App. January 27, 2016). Petitioner's state habeas application was signed on May 12, 2016, and received by the court on May 27, 2016. (*See* doc. 15-19 at 6, 34.) On January 4, 2017, it was denied without written order. (*See* doc. 15-15); *see Ex parte Johnson*, WR-86,101-01 (Tex. Crim. App. Jan.4, 2017).

**B.**    **Substantive Claims**

Petitioner raises the following grounds:

(1) The court coerced Petitioner's family into telling him to plead guilty to receive probation under a verbal agreement;

(2) The court relied on false information;

(3) The court was biased;

(4) The court engaged in ex parte communications with the prosecutor and court reporter;

(5) The court allowed inadmissible evidence;

(6) The court failed to consider a lesser included offense;

(7) There was prosecutorial misconduct by the suppression and misrepresentation of evidence;

(8) Trial counsel was ineffective because he failed to:

---

[2] As part of the same proceedings, Petitioner was also convicted of burglary of a building and evading arrest and sentenced to 10 months' imprisonment in each of those cases. *See Johnson v. State*, 2015 WL 4600472 at *1. He does not challenge those convictions.

(a) convey a plea offer for a sentence of 8 years;

(b) file a motion for recusal;

(c) object to the court calling a witness;

(d) do anything in the discovery process;

(e) investigate the crime scene and interview witnesses;

(f) raise an issue about insufficient evidence;

(g) object to inflammatory evidence;

(h) present a lesser included offense;

(i) object when the court gave a directed verdict;

(j) correct false or misleading testimony;

(k) subject the State's case to adversarial testing;

(l) discuss the presentence report with him;

(m) preserve error for appeal;

(n) advise him about the culpable mental state;

(o) surrender the case file to him during the state habeas process;

(9) Appellate counsel was ineffective because she failed to:

(a) request a new punishment hearing;

(b) obtain the record in time to file a proper motion for new trial;

(c) raise an issue about prosecutorial misconduct;

(d) raise an issue about ineffective assistance of trial counsel;

(e) raise an issue about insufficient evidence to support the guilty plea;

(10) The evidence was insufficient to support the conviction;

3

(11) His right to due process was denied by his transfer from jail to TDCJ during his appeal; and

(12) He was not given a copy of the state habeas court's findings and conclusions.

(*See* docs. 3 at 6-10, 14-37.)  Respondent filed a response on July 10, 2017 (doc. 13), and Petitioner filed a reply on September 14, 2017 (doc. 23).

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite

4

to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  COERCED GUILTY PLEA

Petitioner contends that his mother, sister, and grandmother visited with the judge about his case, and the judge told them that she would give Petitioner probation if he pleaded guilty. The family members told Petitioner about that conversation, and he decided to plead guilty with the

expectation of receiving probation.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic

6

consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Here, at the guilty plea proceeding, the court asked Petitioner if anyone promised him that he would receive probation, and he answered, "No promises, ma'am," but he was hopeful that he would be placed on probation. (Doc. 15-6 at 6-7.) The plea papers informed Petitioner of the charge against him, his rights, and the range of punishment. (*See* doc. 15-3 at 32.) Petitioner understood the charges and his rights, and he waived his rights. (*See id*. at 33.) He stated that his plea was voluntary. (*See id*.) The judgment states that he was admonished as required by law, he waived his right to a trial by jury, and his plea was made freely and voluntarily. (*See id*. at 42.) Petitioner has not overcome the "strong presumption of verity" given to his declarations in the plea papers and in

court and the "great weight" and "presumption of regularity" given to the recitations in the judgment that he waived his rights, that he was admonished of the charge and the range of punishment, that the court did not promise probation, and that his plea was freely and voluntarily entered. *See Blackledge*, 431 U.S. at 73-74; *Abreo*, 30 F.3d at 32.

Moreover, appellate counsel submitted an affidavit in the state habeas proceeding which stated that she investigated Petitioner's claim that the court promised his family that he would receive probation if he pleaded guilty. After she spoke with Petitioner's mother, counsel "did not have good cause to believe that the trial judge had made any promise to her to place [Petitioner] on probation in exchange for a guilty plea." (Doc. 15-19 at 155-56.) The state habeas court found counsel's affidavit credible. (*See id.* at 146.) Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## IV. FALSE INFORMATION

Petitioner contends that the court relied on false information in sentencing him. He claims that the court believed that he drove his car while a police officer was partially inside the car and that he ran into a tree, but he denied the allegations in his testimony.

"Determining the weight and credibility of the evidence is within the sole province of the [trier of fact]." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Petitioner has not shown that the information was false and that his testimony was correct. He has not shown that the state court's rejection of this claim was unreasonable.

## V. BIAS

Petitioner contends that the court was biased during the sentencing hearing because she interrupted numerous times when he was testifying. Respondent argues that this claim is

procedurally barred.

During Petitioner's testimony at sentencing, the court inquired about a person in the audience that appeared to be upset.  The woman was Petitioner's sister, who said that she was not upset, but that she was trying to say that Petitioner had a drug problem.  (*See* doc. 15-7 at 19.)  During closing argument, the court noted that the sister kept raising her hand to say something, and the court asked if counsel was going to call her as witness.  There was no audible response from counsel, and the sister asked if she could "come up."  The court said that she could, swore her in, permitted her to testify to what she had wanted to say to the court, and then questioned her extensively.  (*See id*. at 46-56.)

On appeal, Petitioner contended that the court abandoned its role as a neutral and detached arbiter, its extensive cross-examination of him and numerous comments showed a bias against him, and it engaged as an advocate by calling a witness to the stand.  The appellate court held that Petitioner failed to preserve error because there was no objection.  *See Johnson*, 2015 WL 4600472 at *2.  Under Texas' contemporaneous objection rule, a party must make a timely objection with specific grounds for the desired ruling to preserve an issue for appellate review.  *Cubas v. Thaler*, 487 F. Appx 128, 130 (5th Cir. 2012) (citing *Livingston v. Johnson*, 107 F.3d 297, 311 (5th Cir.1997)).  A procedural default premised on the petitioner's failure to comply with the Texas contemporaneous objection rule constitutes an adequate and independent bar to federal habeas review.  *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("[w]e have recognized a federal petitioner's failure to comply with the Texas contemporaneous objection rule as an adequate and independent state procedural barrier to federal habeas review"); *Rowell v. Dretke*, 398 F.3d 370, 374–75 (5th Cir. 2005) (finding that a Texas petitioner's failure to timely object to alleged

errors in a jury charge, barred federal habeas relief of the allegedly erroneous jury charge under the procedural default doctrine). The procedural default of a state defendant who fails to comply with the contemporaneous objection rule precludes federal habeas review of the claim absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 87(1977); *see also Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995).

Petitioner's claim is procedurally barred because the state appellate court applied the contemporaneous objection rule. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits"). He has not shown cause and prejudice to excuse the procedural bar or entitlement to relief on this claim.

## VI. EX PARTE COMMUNICATIONS

Petitioner contends that the court engaged in ex parte communications with the prosecutor and court reporter through discussions off the record at sentencing.

The record shows that the court stated, "One second," and then there were discussions off the record. (*See* doc. 15-7 at 31.) The record does not show the duration of the off-the-record discussion or the participants in the discussion. Petitioner's claim is not supported by the record, he has not shown that the discussion was ex parte with the prosecutor and court reporter, and he has not shown the substance of the discussion. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Conclusory allegations are insufficient to obtain habeas relief. *See United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v.*

10

*Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288. He has not shown that the state court's rejection of this claim was unreasonable.

## VII. INADMISSIBLE EVIDENCE

Petitioner contends that the court allowed inadmissible photographs of the vehicle that Petitioner was driving and a tree that he allegedly drove into during sentencing. He argues that the prosecutor did not offer the photographs into evidence at the guilt phase and stated at the beginning of the sentencing hearing that he had no additional evidence.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The correctness of a state court's interpretation of state law is beyond the scope of federal habeas review. *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir.1992) ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus"). "[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).

At the beginning of the sentencing hearing, the prosecutor announced that the State would not be presenting any additional evidence. (*See* doc. 15-7 at 6.) Petitioner then testified. Although the prosecutor asked Petitioner about a photograph of the car (exhibit #3) and a photograph of the tree (exhibit #2) during cross-examination, the photographs were not admitted into evidence. (*See id.* at 27.) Another photograph of the car (exhibit #4) was admitted. (*See id*. at 33-34.) Petitioner

11

has not shown that the State may not introduce evidence at the sentencing phase or in rebuttal during or after a defendant's presentation of evidence. He has not shown that the introduction of the photograph into evidence violated his constitutional rights or rendered his sentencing hearing fundamentally unfair, or that the state court's rejection of this claim was unreasonable.

## VIII.  LESSER INCLUDED OFFENSE

Petitioner contends that the court failed to consider the lesser included offense of reckless driving.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because Petitioner has not shown that his guilty plea was involuntary, this claim was waived. *See Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant."). Moreover, he signed a judicial confession admitting that he committed the offense. (*See* doc. 15-3 at 36.) There was no evidence that he was guilty only of a lesser included offense. He has not shown that the state court's rejection of this claim was unreasonable.

## IX.  PROSECUTORIAL MISCONDUCT

Petitioner contends that the prosecutor suppressed and misrepresented evidence and violated his duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by withholding the photographs of the car and the tree and the existence of a witness.

At the sentencing hearing, Petitioner testified when the police arrived at the scene of the offense, he was sitting in the car waiting for a friend who was burglarizing a house. (*See* doc. 15-7

at 19.)  On cross-examination, the prosecutor asked him if he was aware that a witness saw him using a pry tool on the door of the house.  (*See id*. at 25.)  He asserts that the prosecutor did not disclose the photographs or the witness.  He also contends that the photograph of the tree was false because he did not run into a tree.

In *Brady*, the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. "*Brady* claims involve 'the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994). "There are three components of a true *Brady* violation:  The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).  Evidence is material within the meaning of *Brady* only when there is a reasonable probability of a different result at trial had the evidence been disclosed.  *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995).

Petitioner has not shown that the prosecutor withheld exculpatory evidence.  The photographs and a witness who saw him prying a door to the house were not exculpatory, and nothing in the record supports his claim that these were not disclosed.  *See Ross*, 694 F.2d at 1011.

Regarding false evidence, the Supreme Court has held that the presentation of false evidence at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence.  *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  In order to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a petitioner must establish that: (1) the testimony was actually false; (2) the prosecution knew it was

false; and (3) it was material. *Napue*, 360 U.S. at 271. Knowledge of falsity is attributed to the prosecutor as the spokesperson for the government. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Supreme Court has also stated that a new trial is dictated only when the false testimony could, in any reasonable likelihood, have affected the judgment of the jury. *Napue*, 360 U.S. at 271.

Petitioner has not shown that evidence that suggested that he drove into a tree was false. He has not shown that the state court's rejection of this claim was unreasonable.

## X.  SUFFICIENCY OF EVIDENCE

Petitioner contends that the evidence was insufficient to support his conviction.

This claim was waived by Petitioner's voluntary guilty plea. *See Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (a petitioner who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner). "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986). Moreover, under Texas state law, a judicial confession is sufficient evidence of guilt in a case in which a defendant enters a guilty plea. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Petitioner signed a judicial confession in which he admitted to committing the offense. (Doc. 15-3 at 36.) The evidence was therefore sufficient to support the convictions. *See Cannon v. Shaw*, 3:13-CV-1752, 2014 WL 2753727 at *3 n.2 (N.D. Tex. June 17, 2014). He has not shown that the state court's rejection of this claim was unreasonable.

## XI.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One

15

cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.    Plea Offer**

Petitioner contends that counsel failed to tell him that the prosecutor offered a sentence of 8 years for a guilty plea.

Counsel has the duty to communicate to the client formal favorable plea bargain offers. *Missouri v. Frye*, 566 U.S. 133, 145 (2012). To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, a defendant must

demonstrate a reasonable probability he would have accepted the earlier plea offer, that the plea would have been accepted by the trial court, and that it was a plea to a lesser charge or to a sentence of less prison time. *Id*. at 147.

At sentencing, the prosecutor mentioned that the lowest plea offer to Petitioner was for an 8-year sentence. (*See* doc. 15-7 at 46.)  Trial counsel's state habeas affidavit stated that he did not fail to communicate any plea offer to Petitioner.  He communicated with him and the prosecutor many times to achieve a suitable plea agreement, but Petitioner was not interested in any plea offer that would result in imprisonment.  As a result, Petitioner entered an open plea of guilty. (*See* doc. 15-19 at 148.)  The state habeas court found counsel's statements credible.  (*See id*. at 140.)

A movant is not entitled to relief if there are no independent indicia of the likely merit of allegations that counsel failed to inform him of any plea offer.  *See United States v. Gonzalez*, 493 F. App'x 541, 544 (5th Cir. 2012).  Nothing in the record supports his claim.  *See Ross*, 694 F.2d at 1011.  He has not shown that the state court's rejection of this claim was unreasonable.

**B.**   **Motion for Recusal; Objection to Witness; Preservation of Error**

Petitioner contends that counsel should have preserved error for appeal by filing a motion for recusal based on the court's bias against him and objecting to the court's calling his sister as a witness.  The state appellate court held that Petitioner's claim of trial court bias was not preserved for review, but that it did not condone the level of the trial court's participation or demeanor in the sentencing hearing.  *See Johnson*, 2015 WL 4600472 at *2.

In Texas, a judge may question a witness to seek information or for clarification.  *See White v. State*, No. 05-17-00397-CR, 2018 WL 1940515, *3 (Tex. App. – Dallas Apr. 25, 2018, pet. ref'd) (citing *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978)).  There is a danger that in questioning a witness, a judge may become an advocate and depart from the judge's neutral and

detached role.  *See id*.  In *White*, the court explained that when there is no jury, the judge has more

latitude to question a witness about the facts of the case.  *See White*, 2018 WL 1940515 at *3.   In

a bench trial, to assist the fact-finding process, a judge may ask questions that an advocate might

ask.  *See Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App. – Texarkana 1995, no pet.).

> Though not favored, even extensive and adversarial questioning is permissible as
> long as the questions are relevant to the issues before the court and the judge's
> impartiality is not affected. *VanWinkle v. State*, No. 03–16–00278–CR, 2016 WL
> 3974650, at *5 (Tex. App. – Austin July 22, 2016, no pet.) (not designated for
> publication) (holding that that much of the judge's questioning of the defendant,
> including asking the defendant whether he was being honest and ill-advisedly using
> the word "stupid" on more than one occasion to describe the defendant's actions, was
> an attempt to clarify the defendant's inconsistent testimony and reconcile his often
> contradictory answers given to questions; the judge did not ask any questions that the
> attorneys in the case would not have been allowed to ask).

*White*, 2018 WL 1940515 at *3.  The state appellate court in *White* found no error in the judge's

questioning of the defendant where the court had to determine whether to place the defendant on

probation.  *See id*.  The court may ask witnesses about information to make that determination.  *See*

*Guin v. State*, 209 S.W.3d 682, 686 (Tex. App. – Texarkana 2006, no pet.)

In light of *White*, counsel could have reasonably determined that the trial court properly

questioned witnesses without exhibiting bias.  Petitioner does not cite any Texas cases that hold that

a court may not *sua sponte* call a witness, especially when determining whether to grant probation.

He has not shown that there was precedent that counsel could rely on as a basis for a motion for

recusal, or that the state court's rejection of this claim was unreasonable.

## C.   <u>Waived Issues</u>

Petitioner contends that counsel failed to do anything in the discovery process, investigate

the facts of the offense and the crime scene, raise an issue about the sufficiency of the evidence,

present a lesser included offense, object to a directed verdict, and advise him about the culpable

mental state.  Petitioner's guilty plea waived these issues.  *See Barrientos*, 668 F.2d at 842.  He has

not shown that the state court's rejection of these claims was unreasonable.

**D.**     **Inflammatory Evidence**

Petitioner contends that counsel should have objected to the State's evidence at sentencing

because the prosecutor stated that he had no further evidence.  As discussed, he has not shown that

the evidence was inadmissible or that there was a legal basis on which counsel could have

successfully challenged it.  Counsel was not ineffective for failing to raise a meritless or futile

objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*,

907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

He has not shown that the state court's rejection of this claim was unreasonable.

**E.**     **False and Misleading Evidence; Adversarial Testing**

Petitioner contends that counsel failed to correct false and misleading evidence at sentencing

about whether he drove with the officer partially in the car and hit a tree, thereby failing to subject

the State's case to adversarial testing.  As discussed, Petitioner has not shown that the evidence was

false.  He has not shown that the state court's rejection of these claims was unreasonable.

**F.**     **Presentence Report**

Petitioner contends that he did not receive a copy of the presentence report, and that counsel

did not discuss it with him.  Nothing in the record supports his claim.  *See Ross*, 694 F.2d at 1011.

Moreover, he does not allege how that affected the outcome of the sentencing hearing.  He has not

shown that the state court's rejection of this claim was unreasonable.

**G.**     **Case File**

Petitioner contends that counsel's failure to surrender the case file to him during the state

habeas process hindered his ability to collaterally attack his conviction.

Federal habeas relief cannot be had "absent the allegation by a [Petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ( "infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court").

Because he complains of error in the state habeas process, Petitioner has not shown that he is entitled to relief on this claim. Moreover, he does not allege what he needed from the case file to prepare his state habeas application, and he does not allege how the result of the habeas proceeding would have been different if he had received the case file. He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288.

## H.   **Cumulative Errors**

To the extent that Petitioner contends that he was harmed by trial counsel's cumulative errors, he is not entitled to relief.  "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the

resulting conviction violates due process.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Derden*, 978 F.2d at 1454).

He has not shown that counsel rendered ineffective assistance, so he has not shown that there were cumulative errors, or that the state court's rejection of this claim was unreasonable.

### XII.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Whether appellate counsel has been ineffective is also determined by using the *Strickland* standard, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.  Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted).  To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Petitioner contends that appellate counsel failed to request a new punishment hearing to correct misinformation about the offense; obtain the record in time to file a proper motion for new trial; raise an issue about prosecutorial misconduct; raise an issue about ineffective assistance of trial

counsel; and raise an issue about the sufficiency of the evidence. His claims rely on his other underlying claims of error that are raised in his federal petition. As discussed, the claims lack merit, and he has not shown that appellate counsel was ineffective for failing to raise them. To the extent that he asserts there was cumulative error, he has not shown that appellate counsel was ineffective, and he has not shown that the state court's rejection of this claim was unreasonable.

### XIII.  TRANSFERR TO TDCJ

Petitioner contends that he was transferred from jail to TDCJ during his appeal in violation of Tex. Code Crim. Proc. art. 44.09, which provides for whether and when a convicted person who has appealed can be transferred to TDCJ, and in violation of his right to due process.

As discussed, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States, and the correctness of a state court's interpretation of state law is beyond the scope of federal habeas review. *See McGuire*, 502 U.S. at 67–68; *Derden*, 978 F.2d at 1458. Even if Petitioner's transfer during his appeal violated the statute, he has not shown that his right to due process was violated. He was represented by counsel on appeal, and he has not alleged how his transfer affected his appeal. He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288. He has not shown that the state court's rejection of this claim was unreasonable.

### XIV.  STATE HABEAS FINDINGS

Petitioner contends that he did not receive a copy of the state habeas findings of fact and conclusions of law. As discussed, he is not entitled to relief for an alleged error in the state habeas proceeding. *See Trevino*, 168 F.3d at 180.

## XV.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.  Petitioner has not shown he is entitled to an evidentiary hearing.

## XVI.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 26th day of November, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE