IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TADARRIAN JOHNSON #1936248,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-671-L** |
| | § | |
| **BRYAN COLLIER, Executive Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were entered in this case on November 26, 2018 (Doc. 27), recommending that the court deny Petitioner's habeas petition, which raises twelve claims, some of which include five to fifteen subparts. Petitioner was granted two extensions to file his objections to the Report. His thirty-six page Objection to the Report (Doc. 32) was docketed on February 28, 2019, and includes ten main objections to the Report. Some of these objections include subparts. He also requests: (1) an evidentiary hearing because he contends that he was not provided with a copy of his trial counsel's affidavit; and (2) discovery of the video-taped meetings he had with his trial counsel to support his objection that his trial counsel did not advise him of an eight-year plea offer.

After carefully reviewing the habeas petition, which is 117 pages in length, file, administrative record in this case, the twenty-two-page Report, and objections, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court has spent a considerable amount of time reviewing the foregoing

Order – Page 1

materials in this case but determines that it is only necessary to address those matters that do not appear to have been addressed in the Report. The Report indicates that Petitioner's fourth claim pertains to his contention that the trial court engaged in impermissible ex parte communications with the state prosecutor and court reporter. In his objections, Petitioner also "asserts that he has filed an 'IAC' [ineffective assistance of counsel] claim in his petition on his trial counsel['s] failure to object to the ex part communications." Obj. 8. In this regard, "Petitioner contends that his attorney just stood there without objecting on his behalf to preserve these issues to perfect his appeal," and that evidence of his attorney's failure to object "creates a 'reasonable probability' that the outcome of his trial and appeal would have been different." *Id.* Petitioner contends that he has also asserted a similar claim against his appellate counsel.

The court was unable to find any claim for ineffective assistance of counsel in Petitioner's habeas petition and supporting memorandum (Doc. 3)[1] for trial or appellate counsel's failure to object to the trial court's engaging in impermissible ex parte communications with the state prosecutor and court reporter. Thus, this claim is not properly before the court.

Moreover, even if his habeas petition and memorandum could be liberally construed as including such a claim, Petitioner would not be entitled to habeas relief on this ground. The court reviewed the portion of the administrative record (Doc. 15) cited by Petitioner. The alleged ex parte communication took place during Petitioner's sentencing hearing in state court on June 4, 2014. The transcript of that proceeding does confirm, as Petitioner asserts, that a discussion took place off the record, but there is no indication from the transcript who participated in that discussion or what was

---

[1] Although Petitioner's habeas petition and supporting memorandum are dated March 1, 2017, and were docketed on March 8, 2017, he avers under penalty of perjury that he placed his petition and memorandum in the prison mail on February 21, 2017.

**Order – Page 2**

discussed, and Petitioner's assertion or argument that this constituted an impermissible ex parte communication between the trial judge, state prosecutor, and court reporter is not evidence. *See* R. PageID 364 (Doc. 15-7). Regardless, it is apparent from the transcript that this discussion took place while Petitioner was testifying under oath to present evidence in support of his sentencing and close to the time that the trial court threatened to stop the hearing and the state prosecutor requested to withdraw its plea offer because Petitioner was being evasive in responding to questions by the court and the state prosecutor. *See id.* R. PageID 355-56, 360.

As noted by the magistrate judge, counsel is not ineffective for failing to raise a meritless or futile objection, and the court determines that any objection by his trial or appellate counsel to this alleged ex parte communication would have been futile and meritless given the timing and circumstances surrounding the discussion that took place off the record. Report 19 (citing *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); and *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections")). Additionally, Petitioner's conclusory assertion that there is a reasonable probability that the outcome of his trial and appeal would have been different if his trial counsel had objected to the alleged ex parte communication is based on nothing more than speculation, which is insufficient. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Accordingly, Petitioner is not entitled to habeas relief on this ground.

As noted, Petitioner also included a request for an evidentiary hearing and discovery in his objections to the Report. Petitioner's motions for an evidentiary hearing and discovery were denied by the magistrate judge by separate orders that were entered on March 9, 2017, and September 18,

2017 (Docs. 6, 24).² At no time prior to the magistrate judge entering her Report on November 26, 2018, on Petitioner's habeas claims did he object to the magistrate judge's denial of these motions. He instead waited more than a year to seek the same relief in his objections to the Report after the magistrate judge recommended that the court deny with prejudice his habeas petition. The court, therefore, determines that Petitioner waived the right to such relief in failing to object or seek reconsideration of the denial of his prior motions (Docs. 4, 22). Further, for the reasons set forth in the magistrate judge's orders (Docs. 6, 24, 36), the court concludes that Petitioner is not entitled to an evidentiary hearing or discovery for the purposes requested.

The court, therefore, **overrules** Petitioner's objections to the Report, **denies** Petitioner's requests for an evidentiary hearing or discovery, **denies** his habeas petition, and **dismisses with prejudice** this action for the reasons stated in the Report and this order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.³ The court determines that Petitioner has failed to

---

² On April 26, 2019, the magistrate judge also construed recent discovery requests in the form of notices of interrogatories filed by Petitioner (Docs. 34, 35) as a motion for discovery and denied the motion based on the relevant filings and applicable law. Order (Doc. 36).

³ Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report and affirms the magistrate judge's orders denying Petitioner's motions for discovery and an evidentiary hearing. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of April, 2019.

Sam A. Lindsay
United States District Judge